IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER A. JAMES,<br><br>                Petitioner,<br><br>    v.<br><br>STANLEY REBERT,<br>York, PA D.A.; SETH WILLIAMS,<br>Philadelphia D.A.; THOMAS R. DECKER,<br>Director for Detention; JOHN DELANEY,<br>Ex Warden; and MICHELLE FARRELLE,<br>Current D.A.,<br><br>                Respondents. | CIVIL ACTION<br>NO. 13-5619 |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                   **August 13, 2014**

       Petitioner Peter A. James, convicted of robbery and related offenses, was sentenced to seven to fifteen years of imprisonment and was being held at Curran-Fromhold Correctional Facility at the time he filed this petition. A further description of the matter appears in the Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice. Having conducted an independent review, the Court will adopt that Report and Recommendation and add the following brief statement to clarify and respond to Petitioner's objections.

       Some of Petitioner's objections, such as Judge Rice's mistake in implying that Curran-Fromhold is a city or county, are at most technical issues of no consequence and need not be addressed. Petitioner raises two issues worthy of consideration: first, whether his custody was really pursuant to his sentence, given that he was still at Curran-Fromhold and not yet physically in the state correctional system at the time of his

petition; and second, whether he can challenge potential future detention associated with the ICE detainer lodged against him.

Judge Rice's Report ably explains that Petitioner cannot use a §2241 petition to challenge pretrial detention or an ICE detainer once he has been convicted and is in custody pursuant to his sentence.[1] Some of what Petitioner says in his objections can be read as an argument that he was not in fact in custody pursuant to his sentence. This argument can be drawn from his objection that Curran-Fromhold is not actually part of the Pennsylvania state correctional system (it is part of the Philadelphia Prison System) and paragraphs 11 and 12 of his objections, which imply he *has* shown he was held under the detainer rather than his sentence because he was confined at Curran-Fromhold and his social worker was trying to expedite his transfer *to* state custody (suggesting that he was not yet *in* state custody).

However, the fact that Petitioner was not yet physically held at a state-run facility does not mean he was not yet in state custody and serving his sentence. Once Petitioner's conviction and sentence were imposed, they became the basis of his custody as opposed to pretrial detention or the ICE detainer. Depending on the length of the sentence and some judicial discretion, criminal sentences in Pennsylvania may be served at either county prisons or state Department of Corrections facilities. *See* 42 Pa. C.S.A. §9762. The difference in facility has no bearing on whether a prisoner is in custody pursuant to

---

[1] Judge Rice explains that the case law is clear that petitioners serving sentences cannot challenge ICE detainers because they are in custody pursuant to their sentences rather than the detainers. He then turns to Petitioner's attack on the allegedly separate York detainer and related pretrial detention and speedy trial violations, explaining that those issues became moot once Petitioner was sentenced and his pretrial detention became post-trial, sentence-based detention. When Judge Rice adds that the York detainer in fact *is* the ICE detainer in another guise, he is merely noting an additional reason that any challenge to the York detainer fails (namely, that it is identical to the ICE detainer, which cannot be challenged as already explained). Any potential confusion is simply because there are multiple reasons that being in custody pursuant to his *sentence* (rather than being in pretrial detention or held under a detainer) forestalls Petitioner's claims.

his sentence. Petitioner was surely accruing credit against his sentence for time served at Curran-Fromhold, though that would be true even for time spent there prior to sentencing. *See* 42 Pa.C.S. §9760; *Commw. v. Domb*, 237 A.2d 253, 254 (Pa. Super. Ct. 1968). Federal law, which is useful as a theoretical guide even though it does not govern Petitioner's state sentence, expressly provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C.A. §3585. In a somewhat analogous situation, this Court held that a petitioner had no cognizable §2241 claim where he was transferred from a federal facility to Curran-Fromhold to attend state court proceedings and then remained there for about a month after those proceedings concluded. *See Lewis v. Williams*, CIV.A. 13-3433, 2013 WL 4803905 (E.D. Pa. Sept. 6, 2013) (explaining that issues of transfer and particular facilities are not habeas matters). The Court must conclude that the reason previous case law has not directly addressed the specific question of whether a convicted and sentenced prisoner is in custody pursuant to his sentence before he is physically transferred to a state-run facility is that the answer is obviously yes.

      On page six of his objections, Petitioner suggests that he should nevertheless be able to challenge the ICE detainer because "a habeas corpus is not limit[ed] to immediate release from illegal custody but is available as well to attack future confinement and obtain future release." Petitioner seems to be arguing that even if it is now too late to challenge his prior confinement under the ICE detainer, he should be able to challenge the ICE detainer as the source of custody he will be in upon completion of his sentence.

3

Petitioner is correct that to some extent habeas corpus relief "is available as well to attack future confinement and obtain future releases." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Generally, though, "future release" in *Preiser* and related cases refers to a habeas challenge to *present* custody when the challenge will result not in immediate release, but merely release earlier than would otherwise have occurred. *See id.* ("So, even if restoration of respondents' good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus . . . .").

In at least one case, however, the concept has been applied to allow preemptive challenge of an immigration-related detainer. *See Alvarez v. U.S. Dep't of Homeland Sec.*, CIV.A. 06-3320 (MLC), 2006 WL 2385119 (D.N.J. Aug. 17, 2006).[2] But the opinion in that case focused on the more strongly custodial nature of the specific detainer at issue, noting that it called for the New Jersey Department of Corrections to detain the petitioner long enough for ICE to take custody, rather than merely calling for the Department to give ICE notice of death, release, or transfer. *See id.*; *see also Amenuvor v. Mazurkiewicl*, 457 F. App'x 92, 93 (3d Cir. 2012) (indicating that a petitioner can challenge a final order of removal but not a mere detainer); *Amenuvor v. Mazurkiewicz*, 494 F. App'x 198, 200 (3d Cir. 2012) (agreeing that even where there was a final order of removal, a challenge to eventual immigration custody long before the conclusion of petitioner's state sentence was not prudentially ripe), *cert. denied*, 133 S. Ct. 1313, 185 L. Ed. 2d 194 (2013), *reh'g denied*, 133 S. Ct. 1859, 185 L. Ed. 2d 860 (2013). Here, Petitioner has not shown or alleged that the detainer he seeks to challenge is any more custodial than suggested by the

---

[2] The principal has also been held to cover habeas challenges to detainers lodged by one state during service of a criminal sentence in another state. *See Mokone v. Fenton*, 710 F.2d 998, 1002 (3d Cir. 1983).

4

general description of detainers Judge Rice quoted from the *Henry* opinion. *See Henry v. Chertoff*, 317 F. App'x 178, 179 n.1 (3d Cir. 2009).

Further, *Alvarez* is an unpublished 2006 opinion from the District of New Jersey. The more recent and higher-authority precedent of *Henry* establishes the controlling law this Court must follow, so Petitioner cannot challenge the ICE detainer that *may* affect him when he completes his criminal sentence because he "failed to demonstrate that he was being held pursuant to the detainer, that he was subject to a final order of removal, or even that removal proceedings had been initiated," and therefore was clearly not "in custody" pursuant to the detainer when he filed his petitioner or at the present time. *Henry*, 317 F. App'x at 179. *See also Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005).

For these reasons, Petitioner's objections do not dissuade the Court from adopting Judge Rice's Report and Recommendation.